IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Antoine Guy Jean Paul Bordelais, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No.: 20 CV 2159 | |
| ) | | |
| Linden Oaks Hospital, ) | Honorable Judge Pacold | |
| Respondent #1, ) | Magistrate Judge Schenki | |
| ) | | |
| Deidre Hartnett, ) | | |
| Respondent #2. ) | | |
| ) | | |

## STATUS REPORT

NOW COME, Defendants, Linden Oaks Hospital and Deidre Hartnett, by and through their undersigned counsel, and for their Status Report, state as follows:

**1. Nature of the case:**

A. Antoine Bordelais, a resident of France, has filed this matter pro se against the defendants, Linden Oaks Hospital and Deidre Hartnett, who are represented by Ruth Enright and Patrick Vezino of the law firm of Baker & Enright in Chicago, IL.

B. Mr. Bordelais alleges in his lawsuit that his daughter, currently 17-years-old, was abducted by his wife in June of 2016 and moved her from Switzerland to the United States. Thereafter, it is alleged that the minor received care from the defendants. The plaintiff alleges that the defendants failed to inform, consult or obtain consent from him before care was provided to the minor. He also alleges that the defendants failed to properly diagnose and treat the minor. Additionally, plaintiff alleges that the defendants colluded with the minor's mother to manipulate the minor and manipulated the minor to prevent her from having contact with him. He alleges various damages as a result of these alleged actions.

2. **Motions**

A. The defendants filed a Motion for an Extension of sixty (60) days to answer or file a motion pursuant to Rule 12. Mr. Bordelais has objected to the granting of the extension of time unless the defendants agree to (1) provide all medical and billing records relating to the minor and (2) immediately inform him and obtain his prior consent for all future care of the minor. These requests are complicated by order issued by a Court in Switzerland in August of 2016. The order provides that the minor's mother shall have exclusive parental authority and custody. Further, that Court appointed a social worker for the protection of the minor to assure the implementation and monitoring of a child psychiatrist and pediatrician for the minor. That Court denied Mr. Bordelais' request that medical secrecy be lifted as pertains to these physicians. Further, these defendants cannot agree to these requests as the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/4 prevents these defendants from allowing him to inspect or copy the minor's records. That provision of Illinois Statute does not allow for inspection or copying of a 17-year-old minor child's records without their consent, which has not been obtained.

B. These defendants continue to request the additional time of sixty (60) days up to and including August 14, 2020 to file their answer or motion pursuant to Rule 12.

Respectfully Submitted,

BAKER & ENRIGHT

By: /s/ Patrick Vezino
_____
Attorneys for Defendants,
Linden Oaks Hospital and
Deidre Hartnett

Patrick Vezino  #6230450
Ruth V. Enright #6196143
Baker & Enright
33 W. Jackson, Blvd. 3rd Fl.
Chicago, IL 60604
312/663-9600
vezino@bakerandenright.com
enright@bakerandenright.com